UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAMAR ADVERTISING OF PENN, LLC,

               Plaintiff,

                                                **Hon. Hugh B. Scott**

               v.                                01CV556A

                                                     **Order**

TOWN OF ORCHARD PARK, NEW YORK,

               Defendant.

Before the Court is plaintiff's motion to compel, this time seeking to compel production of certain privileged documents, continued depositions, and answer to interrogatories (Docket No. 97[1]).  Noting that the current Amended Scheduling Order (Docket No. 96) had discovery conclude by September 30, 2006, and dispositive motions due by November 20, 2006, this Court scheduled responses to this motion to be due on or before October 5, 2006, any reply was due on or before October 16, 2006, and the motion then was deemed submitted without oral argument

---

[1]In support of this motion, plaintiff submits an attorney's affidavit, Docket No. 97, voluminous exhibits (including reproducing entire deposition transcripts), Docket Nos. 97, 99-102, memorandum of law, Docket No. 98; plaintiff's attorney reply affidavit, Docket No. 128, with exhibits, and reply memorandum, Docket No. 129.

    In opposition, defendant submits voluminous exhibits with its attorney's declaration, Docket Nos. 105, 106-08, 110, 112-22; memorandum of law in opposition, Docket No. 123, and proofs of service of these documents, Docket No. 124.  Included among these exhibits is a copy of plaintiff's Form 10-K SEC filing, Docket No. 105, Ex. B; the Buffalo Bills lease for Ralph Wilson Stadium, see Docket Nos. 116-19 (Ex. I); and a reproduction of the signage First Amendment case law and statutes, see Docket Nos. 107-08, 110, 113-14, 120 (Ex. I).

    Counsel for witnesses filed an affirmation with exhibits (deposition transcript of Thomas Glenn and excerpts transcript of Francis Mahoney), Docket No. 109, with certificate of service, Docket No. 111.

(Docket Nos. 103, 104).  The discovery deadline (Docket No. 96) was held in abeyance pending

resolution of this motion (Docket No. 103).  At the request of the parties, this schedule was

extended further, with reply due by October 27, 2006, and the motion deemed submitted without

oral argument as of October 27, 2006 (Docket Nos. 125, 126).  The dispositive motion deadline

(of November 20, 2006, Docket No. 96) also was held in abeyance pending determination of this

motion (Docket No. 125).

## BACKGROUND

*Procedural History*

Familiarity with the prior proceedings in this action is presumed.

The initial Complaint (Docket No. 1) challenged the constitutionality of defendant

Town's sign ordinance, Ch. 144, Town of Orchard Park Code.  As found by the United States

Court of Appeals for the Second Circuit, Lamar Advertising of Penn, LLC v. Town of Orchard

Park, 356 F.3d 365, 367, 369 (2d Cir. 2004) (Docket No. 43), plaintiff alleged that the original

sign ordinance was facially unconstitutional.  Plaintiff argued that the ordinance violated the First

Amendment because it was unsupported by a legitimate government purpose, it discriminated

between and among signs bearing commercial and non-commercial speech.  Plaintiff deemed the

ordinance vague and leaving too much discretion with the Town Board in the approval of signs,

and the ordinance conditioned speech on the payment of an excessive fee (the permit application

fees), id. at 369.

Defendant Town of Orchard Park ("Town" or "Defendant") answered (Docket Nos. 3, 6).

In February 2002, defendant amended the sign ordinance (the "Second Ordinance"), among other

amendments to add a provision listing the purposes for the ordinance, see Lamar Ad., supra,

356 F.3d at 369-70 (see Docket No. 105, Def. Atty. Aff. ¶ 33; Docket No. 106, Ex. F (legislative

purpose for Second Ordinance)).  Plaintiff then moved for summary judgment and for injunctive

relief (Docket No. 8).  The undersigned issued a Report & Recommendations (Docket Nos. 23,

24) recommending denial of plaintiff's summary judgment and injunction motion.  Plaintiff

noted its objections (Docket Nos. 25, 30) and Chief Judge Arcara adopted the Report &

Recommendations (Docket No. 34) and set a trial date (Docket Nos. 34, 37).

　　　　Plaintiff then appealed (Docket No. 35) and defendant cross-appealed (Docket No. 39).

The Second Circuit vacated in part and affirmed in part this Court's judgment denying plaintiff

summary judgment, Lamar Ad., supra, 356 F.3d 365 (2d Cir. 2004) (Docket No. 43).  The

Second Circuit held that plaintiff alleged a cognizable injury giving it standing to sue, id. at 374,

375.  The Second Circuit vacated this Court's judgment on severability, id., also noting that some

of plaintiff's claims were now moot (given amendments to the ordinance) but recognized

plaintiff's ability to amend the Complaint to address the amended ordinance, id. at 368, 380.  The

Second Circuit remanded two major issues for further proceedings to be addressed as the parties

proceed, id. at 380, with the Circuit Court noting that it would "benefit from a more developed

record and a careful evaluation of the amended ordinance in light of the first amendment

principles that have animated prior cases involving sign ordinances," id. (citations omitted).

　　　　Plaintiff next filed and served an Amended Complaint (Docket No. 45), which defendant

answered (Docket No. 48).  Plaintiff asserts claims under 42 U.S.C. § 1983 for the Town's

violations of plaintiff's rights under the First, Fifth, and Fourteenth Amendments through

enactment of a further amended version of the sign ordinance, addressing the April 2004

amended sign ordinance (referred to by plaintiff, and here, as the "Fourth Ordinance," Docket

No. 45, Am. Compl. ¶ 37) as well as the original enactment.  Chief Judge Arcara referred the case back to the undersigned for pretrial matters (Docket Nos. 49, 50, 51).

On May 12, 2005, the Court set a Scheduling Order with discovery initially due by December 30, 2005, and dispositive motions by March 30, 2006 (Docket No. 53).  At a subsequent conference (see Docket No. 55), the parties indicated that this schedule may need to be extended.  Defendant Town then proposed to amend again its zoning ordinances (in part) in light of a recent district court opinion, Nichols Media Group, LLC v. Town of Babylon, 365 F. Supp. 2d 295 (E.D.N.Y. 2005), and plaintiff intended to seek leave to amend its Complaint again to address the amended version of the ordinances.  Defendant amended the ordinance on February 1, 2006 (Docket No. 68, Def. Memo. of Law at 1; see Docket No. 68, Def. Atty. Affirm. ¶¶ 10, 12-13, 14, Ex. B; Docket No. 70, Quashing Movants' Atty. Affirm. ¶¶ 4-5, Ex. A). Plaintiff then amended the Complaint again (Docket No. 88), to address the fifth version of the Town's sign ordinance.  Defendant answered this amended pleading (Docket No. 89).

Plaintiff made a series of motions to compel (Docket Nos. 64, 66, 90), which the defendant Town opposed and cross-moved for a protective order against producing present or former town officials (Docket No. 68).  Third-party witnesses, the party chairs in Orchard Park, moved to quash subpoenas served upon them (Docket Nos. 57, 61).  The Court granted plaintiff's motions and denied the motions for a protective order and to quash (Docket No. 76) and the parties stipulated to resolve the last motion to compel (regarding scheduling for various depositions, Docket No. 90) (Docket No. 93).

*Present Motion*

Plaintiff now seeks to compel production of certain privileged documents, continued

depositions, and answer to interrogatories.  Plaintiff claims that the Town did not provide a

substantive response to interrogatory number 18 regarding non-commercial sign permits granted

by the Town from 1995 to date (Docket No. 97, Pl. Atty. Aff. ¶ 19, Exs. B, C).  The Town

objected to this interrogatory as being unduly burdensome (id. Ex. B, Docket No. 101

(reproducing interrogatory answer for filing)).

The Town served a privilege log which identified certain communications between

attorneys that the Town claims both attorney-client and attorney work product privileges (Docket

No. 97, Pl. Atty. Aff. ¶ 21, Ex. D).  Plaintiff identifies four letters or e-mails in which it claims

the privileges were waived by being sent to third parties (id. ¶¶ 23, 24, 25, 26) and the log fails to

support claims under either privilege (id. ¶¶ 22, 27).  Plaintiff also objects to defense witnesses

who refused to discuss (or were instructed not to answer) questions surrounding legal advise

rendered to them (id. ¶¶ 31-38, Exs. G, H, I) and Town Attorney Leonard Berkowitz refused to

answer most questions, asserting attorney-client privilege (id. ¶ 39, Ex. J).

Orchard Park Independence Party chair Francis Mahoney was instructed not to answer

who paid for his legal representation (id. ¶ 28, Ex. E, EBT Tr. at 51), as was instructed former

Orchard Park Democratic Party chair Thomas Glenn (id. ¶ 29, Ex. F, EBT Tr. at 87).  Plaintiff

argues that this fee information is not privileged and these witnesses should be recalled and

compelled to answer (id. ¶ 30).  In response to the Town, plaintiff argues, first, that the Town

lacks standing as to this portion of the motion regarding the third-party witnesses, second, that

then-Town Republican chair James Domalgalski's answers were evasive and not responsive to

Mahoney and Glenn (Docket No. 128, Pl. Atty. Reply Aff. ¶¶ 16, 14, 10-13).  Further, the

Town's attorney statement of what the Town Attorney would testify to if asked about fee

arrangements does not answer plaintiff's questions (id. ¶¶ 14-15).

Plaintiff argues that defendant cannot use attorney-client privilege as both a shield and a

sword, by refusing to answer questions about that advice but later to rely upon it to justify

amendments to the sign ordinance (Docket No. 97, Pl. Atty. Aff. ¶ 40).

Defendant produced for in camera inspection two of the four letters or e-mails listed in its

privilege log, the letters dated February 5 and November 10, 2004.  It announced in its cover

letter for the in camera documents (and its courtesy copy of its responding papers) that the Town

has altered its privilege log for the letters dated May 8, 2002, and June 14, 2006, removing them

from the log (letter of Thomas Knab to Chambers, Oct. 6, 2006).

## DISCUSSION

I.      Introduction

This simply is a motion to compel production of at least four areas of discovery

(privileged documents, testimony deemed to be privileged, interrogatory answers, questions

surrounding the compensation for non-party witnesses's attorneys).  The Second Circuit, in

reviewing an earlier denial of summary judgment in this case, remanded this case so that this

Court could develop the record further and to evaluate the Town's amended sign ordinance in

light of First Amendment principles enunciated in the relevant case law, Lamar Ad., supra,

356 F.3d at 380.  In an effort to meet the first objective, this Court allowed the parties to engage

in extensive discovery, leading to this motion to compel.  Both sides, however, have produced

mounds of paper and other materials in support of their respective positions for this otherwise

discrete motion and ultimately delayed the Court in reaching the second objective of evaluating

the ordinance in light of the Constitution.

Plaintiff, for example, reproduced the entire depositions for the party chair witnesses at

issue herein (Docket No. 97, Exs. E, F; cf. Docket No. 109, Kaczmarski Affirm. Exs. A, B;

Docket No. 106, Ex. E), while the point of the motion as to those witnesses appears to be a

discrete issue that did not require this extensive reproduction, cf. W.D.N.Y. Loc. Civ.

R. 7.1(a)(1) (depositions are not to be filed unless used in proceeding or upon Court order), (2),

26(g).  Under this Court's Local Civil Rules, a party seeking or opposing any relief under the

Federal Rules shall file only such portion of a deposition, interrogatory, or other material that is

pertinent to the application, W.D.N.Y. Loc. Civ. R. 7.1(a)(2) (emphasis added); cf. id. R. 56.1(d)

("relevant deposition testimony" required to support a statement of material fact for a summary

judgment motion), rather than the entire text of the depositions, as was done for the Town

deponents.  This is to distinguish from inclusion of the entire deposition of Town Attorney

Berkowitz, Docket No. 97, Ex. J, where plaintiff's argument is that throughout the examination

he avoided answering questions based upon repeated assertions of privilege.  Plaintiff also filed,

without prior Court approval, an oversize reply memorandum (Docket No. 129), cf. W.D.N.Y.

Loc. Civ. R. 7.1(f) (10-page reply memorandum).

Similarly, defendant (and to a lesser extent counsel for non-party witnesses) reproduced a

vast volume of material to respond to a relatively simple motion to compel (Docket No. 105,

Def. Atty. Aff. ¶¶ 40-49; Docket No. 106, Ex. E; Docket No. 109, Kaczmarski Affirm. ¶ 7,

Ex. A), arguing that the depositions lasted beyond the one-day of seven hours limit in

Rule 30(d)(2) or that there were abuses in subpoenaing witnesses (see Docket No. 109,

Kaczmarski Affirm. ¶ 9; but cf. Docket No. 128, Pl. Atty. Reply Aff. ¶ 22 (Glenn's deposition, less breaks, was for only 6.5 hours)).  The defendant (or the non-party witnesses), however, has not cross-moved for a protective order to justify the detail in presenting these transcripts. Defendant's presentation on other issues is more akin to a summary judgment motion, including the extensive legislative record for each amended version of the ordinance (Docket No. 105, Def. Atty. Aff. ¶¶ 33, 35, 36, 38, Exs. F, G, H, I, J; Docket Nos. 106, 108, 110, 112-20, 121[2]). Nevertheless, the Court will proceed through these copious submissions to the merits of the motion.

II.     Motion to Compel Standard

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  If a witness for a party fails to answer a question under Rule 30, the Court may compel an answer, Fed. R. Civ. P. 37(d)(1), (a)(2)(B).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).  Under Rule 37(a)(4), if the motion to compel is granted, the Court

---

[2]The presentation is so extensive that either party seeking to move later for summary judgment or other dispositive relief need not repeat it and may rely upon this submission.

> "shall, after affording an opportunity to be heard, require the party or deponent
> whose conduct necessitated the motion or the party or attorney advising such
> conduct or both of them to pay to the moving party the reasonable expenses
> incurred in making the motion, . . ., unless the court finds that the motion was
> filed without the movant's first making a good faith effort to obtain the discovery
> or disclosure without court action, or that the opposing party's nondisclosure,
> response, or objection was substantially justified, or that other circumstances
> make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4).

Defendant argues that plaintiff failed to conduct "any effort, let alone the required 'sincere effort', to resolve their purported discovery issues before filing the motion to compel" (Docket No. 105, Def. Atty. Aff. ¶ 4). For example, in June 2004, plaintiff served its interrogatories, including number 18 at issue in this motion, which the Town responded in August 2004, and plaintiff further sought an answer in a letter from September 2004 (Docket No. 97, Pl. Atty. Affirm. ¶¶ 17-19, Exs. A-C), for which the Town supplemented its response in November 2004 (Docket No. 105, Def. Atty. Aff. ¶ 8, Ex. D). However, plaintiff waited until **September 2006** to move to compel an answer to that interrogatory. Plaintiff replies that it moved to compel now to preserve its right to obtain relevant material (Docket No. 128, Pl. Atty. Reply Aff. ¶ 35), but does not address its failure to move to compel this production prior to this motion.

III.     Interrogatory Number 18

Plaintiff sought defendant to state the owners in the Town of all non-commercial signs from 1995 to the present (Docket No. 105, Def. Atty. Aff. ¶ 10, Ex. D; see Docket No. 97, Pl. Atty. Aff. ¶ 18, Ex. C). Defendant responded that the information was voluminous and was available on file with the Town Clerk, but was not subdivided by whether the sign was non-

commercial or commercial and was listed by parcel address (Docket No. 105, Def. Atty. Aff. ¶¶ 10, 9, Ex. D).  According to defendant, plaintiff never took advantage of its offer to inspect its records to answer this interrogatory (id. ¶¶ 11-13).  Plaintiff waited almost two years to seek to compel defendant's response.  Plaintiff replies that it would have to inquire as to every address in the Town of Orchard Park, since in effect no applications for non-commercial sign permits exist (Docket No. 128, Pl. Atty. Reply Aff. ¶ 53), or, alternatively, preclude defendant from introducing unproduced documents otherwise responsive to this interrogatory (id. ¶ 54).

Defendant is not required to compile its records to respond to plaintiff's interrogatory. See 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2174, at 303 & n.16 (Civil 2d ed 1994).  Here, defendant made its records available for plaintiff to find the permits it sought, but plaintiff never took advantage of that offer (or explained in reply why it did not).  Where the information is readily available to both parties, the party seeking the information (plaintiff here) should do its own research, id. at 304.  Although not detailing the burden in identifying records responsive to this interrogatory, researching properties listed by parcel for non-commercial sign permits for the last eleven years is burdensome and, if plaintiff wishes this information, it should be willing to engage in the search itself or argue that this answer is not burdensome.  Therefore, this portion of plaintiff's motion to compel is **denied**.

IV.     Privilege Log Documents

The Town submitted for in camera inspection the two remaining letters at issue here that it seeks not to produce on privilege grounds, the February 5 and November 10, 2004, letters. These letters were written to other attorneys while this case was pending concerning the status of

this action.  From the Court's review, they appear to be trial preparation materials, the mental

impressions, conclusions, and opinions of defense counsel and are privileged as work product

and as attorney-client communications (as each were copied to the Town Attorney Berkowitz)

and are properly not produced.

Defense counsel identified two other privilege log documents as attorney communication

from defendant's law firm to the client (via its in-house lawyers, including a letter to, among

others, Deputy Town Attorney Michael Wolf, for example, the May 8, 2002, letter) or attorney

work product, a June 2006 e-mail sent by defense counsel's secretary to Town Attorney

Berkowitz regarding this litigation (Docket No. 105, Def. Atty. Aff. ¶¶ 15-17).  The Town,

however, supplemented its privilege log to delete these items from that log and, presumably,

have produced these letters to plaintiff (see cover letter Knab to Chambers, Oct. 6, 2006, Docket

No. 128, Pl. Atty. Reply Aff. Ex. C; but cf. Docket No. 128, Pl. Atty. Reply Aff. ¶ 33).

Defendant declared two letters to be non-responsive to plaintiff's demand rather than privileged

(Docket No. 128, Pl. Atty. Reply Aff. Ex. B).  Plaintiff argues that one letter, of  May 8, 2002,

should be reviewed by the Court in camera (Docket No. 128, Pl. Atty. Reply Aff. ¶ 29)

Plaintiff initially requested fifteen different types of documents from the Town (see

Docket No. 97, Pl. Atty. Aff. Ex. A), to which defendant generally responded (id. Ex. B),

including general objections asserting various privileges (id. Ex. B, at 1) and later asserting

privileges in a privilege log (id. Ex. D).  Defendant's latest letter to the Court with response to

this motion left the impression that the two letters were taken off the privilege list (see cover

letter Knab to Chambers, Oct. 6, 2006, Docket No. 128, Pl. Atty. Reply Aff. Ex. C) and were

produced since no other objection was stated to the Court for their production.  Plaintiff's reply,

however, includes correspondence between counsel and indicates defendant's new objection to producing the letter as to its responsiveness to plaintiff's demand (Docket No. 128, Pl. Atty. Reply Aff. Ex. B), which demand is not specified.  The parties (among their voluminous production) have not produced plaintiff's second document production demand, to which the Town contends the formerly privileged May 8, 2002, letter is not responsive.  From the present record (and the absence of the May 2002 letter for <u>in camera</u> inspection), the Court cannot tell whether the May 2002 letter is or is not responsive to any of plaintiff's demands.  But since defendant is not claiming a privilege for that letter, the need for <u>in camera</u> inspection prior to production is not warranted.  Therefore, this portion of plaintiff's motion also is **denied in part** (as to three of the four letters), but **granted in part** (as to the May 8, 2002, letter); defendant is to produce the May 2002 letter.

V.      Attorney-Client Privilege

        This motion follows plaintiff's previous motion to compel (Docket Nos. 64, 66) and this Court's instruction that the parties proceed with the depositions and preserve such objections for a later motion to compel (<u>see</u> Docket No. 76, Order at 15).  During depositions, defense witnesses repeatedly invoked that they acted on the advise of counsel and sometimes were instructed by defending counsel not to answer or complete answers to questions based upon privilege.  Plaintiff argues that defendant has waived attorney-client privilege and that depositions should be continued to have the deponents answer regarding their counsel's advice (Docket No. 97, Pl. Atty. Affirm. ¶¶ 31-38, Exs. G, H, I).  Town Attorney Berkowitz, identified by plaintiff as the Town's Rule 30(b)(6) witness, refused to answer questions based upon attorney-client privilege (<u>id.</u>, Pl. Atty. Affirm. ¶ 39, Ex. J).

12

Previously, this Court held (Docket No. 76, at 15), that rather than preclude any examination of Town Attorney Berkowitz (for example), plaintiff should be allowed to examine him and he may invoke the privileges and the Town may preserve its objections and complete the deposition.  Berkowitz' public statements, including those rendered in open, public meetings of the town board (as opposed to executive sessions) were permissible subjects for examination. Legal advice rendered to the board or board members (for example in executive sessions), however, where attorney-client communication is expected may raise areas of privilege subject to objection.  (Id.)

Defendant reproduced the published rationale for the amended versions of the Town's sign ordinances (Docket No. 105, Def. Atty. Aff. ¶¶ 32, 37, 33, 35), arguing that plaintiff improperly demands privileged information from the Town's deponents despite being presented with this extensive legislative history.  As plaintiff earlier noted (Docket No. 74, Pl. Memo. at 7), the Town may introduce extrinsic evidence to justify the sign ordinance, see Lorillard Tobacco Co. v. Reilly, 533 U.S. 525, 555, 557 (2001).  Here, the Town has painstakingly presented within the ordinance amendments the legislative purposes for the amendments, citing various authorities for the amendments.  These enactments were clearly under the advice of counsel and that advice is manifest in the rationale presented in the stated legislative purposes.  Plaintiff could question the Town's deponents on other facts or evidence the Town used in reaching these amendments. But further questioning of the Town deponents on what their counsel advised them (for example, as to the state of First Amendment law regarding signage) is not necessary.

Therefore, this portion of plaintiff's motion to compel is **denied**.

VI.     Paying for Legal Representation Question

Plaintiff contends that party chairs Glenn and Mahoney need to answer questions about

who was paying for their counsel during their respective depositions.  At each deposition, the

witnesses were instructed by counsel not to answer these questions and defending counsel

asserted privilege (Docket No. 97, Pl. Atty. Aff. ¶¶ 28, 29, Ex. E, Mahoney EBT Tr. at 51, Ex. F.,

Glenn EBT Tr. at 87).

Under Rule 30(d)(1), "a person may instruct a deponent not to answer only when

necessary to preserve a privilege, to enforce a limitation directed by the court or to present a

motion under Rule 30(d)(4)," that is, if the examination is being conducted in bad faith or in such

a manner as unreasonably to annoy, embarrass, or oppress the deponent or a party.

Witness's counsel initially argued that disclosing who was paying them was privileged.

Plaintiff notes that the United States Court of Appeals for the Second Circuit has "consistently

held that client identity and fee information are, absent special circumstances, not privileged,"

Gerald B. Lefcourt, P.C. v. United States, 125 F.3d 79, 86 (2d Cir. 1997); Vingelli v. United

States, 992 F.2d 449, 452 (2d Cir. 1993) (Docket No. 98, Pl. Memo. at 8, citing cases).

The Town apparently respond that it is not paying the legal fees for the non-party

witnesses (Docket No. 105, Def. Atty. Aff. ¶¶ 21-23), as town Republican Party chair (now Erie

County Republican Chair) James Domalgalski testified when asked about his fee arrangement

(id. ¶ 22, Docket No. 106, Ex. D, EBT Tr. at 168-73; see Docket No. 109, Kaczmarski Affirm.

¶¶ 5-6).  The Town's counsel states that Town Attorney Berkowitz would have testified (had he

been asked) that the Town was not paying the legal expenses of the party chairs (Docket No. 105,

Def. Atty. Aff. ¶ 23)[3].  The Town and the witnesses each question the relevance of this

information in this case (Docket No. 105, Def. Atty. Aff. ¶ 21; Docket No. 109, Kaczmarski

Affirm. ¶ 10).  The issue for which these party chairs were deposed was the Town's involvement

(if any) in the "gentlemen's agreement" of 2001 to refrain from having candidates put up lawn

signs (see Docket No. 105, Def. Atty. Aff. ¶ 24; Docket No. 76, Order, at 9).

While the witnesses have not established a special circumstance to warrant invoking a

privilege, it is questionable whether the answer to this question is relevant to this action or

reasonably calculated to lead to the discovery of admissible evidence in this action, see Fed. R.

Civ. P. 26(b)(1).  The defendant Town denies that they are covering this expense, so any basis for

inquiring in this area because of potential bias or attributing to the Town the actions of these

private individuals ceases.  Thus, while invoking privilege was not correct, plaintiff is **not**

entitled continued depositions to require these witnesses to answer these questions on the

grounds of relevance.

VII.    Discovery Sanctions

Under Rule 37(a)(4)(B), if a motion to compel is denied, the Court "shall, after affording

an opportunity to be heard, require the moving party or the attorney filing the motion or both to

pay to the party or deponent who opposed the motion the reasonable expenses incurred in

opposing the motion, including attorney's fees, unless the court finds that the making of the

motion was substantially justified or that other circumstances make an award of expenses

unjust."  Further, under Rule 37(a)(4)(C), if a motion to compel is granted in part and denied in

---

[3]Defendant Town did this rather than add a brief affidavit from Berkowitz on this point.

part (as was the privilege log portion of this motion), the Court apportions the reasonable

expenses incurred in relation to the motion among the parties.

Since plaintiff's motion is denied, as moving party it or its counsel should be responsible

for defendant's reasonable costs in opposing the motion.  The Court does not find that the motion

was substantially justified.  While both this Court and the Second Circuit called for a fleshed out

record before comparing the Town's sign ordinance with the constitutional standard, plaintiff has

taken this as an opportunity to prolong this litigation (see Docket No. 105, Def. Atty. Aff. ¶ 4)

without reaching its ultimate merits.

But there are other circumstances that make an award of expenses here unjust.  First, the

profusion of paper in this motion, particularly defendant's response would not warrant full

recovery of the expense in generating it.  For example, it is not reasonable to generate the

legislative statement for three ordinance amendments, including an extensive two-volume last

statement, to address a motion to compel where those legislative statements were just one point

in opposing the motion, especially where the opponent in the same opposition declines to

produce a subset of its permits for an eleven-year period.  The response here was overkill.

Comparing the courtesy copies of the moving papers submitted to Chambers, defendant Town

answered the over three inches of papers submitted by plaintiff with over four inches of paper.

As filed electronically, these exhibits spilled over fifteen docket entries (see Docket Nos. 105-08,

110, 112-22), with each docket entry and attachment required to be uploaded from the parties'

docket entries.  One paragraph in defense counsel's affidavit reproduced the legislative purpose

for one amendment which consist of fifteen pages (Docket No. 105, Def. Atty. Aff. ¶ 37) as well

as reproducing as exhibits two versions of the amendment with the same text verbatim and

reproducing two volumes of exhibits of documents cited in that purpose (Docket No. 106, Ex. H; Docket No. 121, Ex. J; Docket Nos. 107-08, 110, 112-20, Ex. I).[4]

Second, the "opportunity to be heard" on the reasonable motion expenses and potential sanction would lead to prolonged ancillary litigation and delay even further reaching the merits of this case.   Even if the Court were inclined to set a sanction figure of what is believed to be reasonable expenses for opposing this motion, determining that amount would lead to responses and replies that would further delay reaching the merits.   The parties could correctly argue about the reasonableness of rates charged (for legal services or duplication, two major expenses here), whether the time expended was justified, and whether certain expenses should or should not be included.   All of this motion practice ultimately distracts the parties and the Court from reaching the legal issue whether the ordinances at issue are constitutional.   To move this case forward, sanctions **will not be ordered**.

VIII.   Extension of Scheduling Order

The nature of the relief sought here, continuing depositions and answering disputed discovery demands, as well as the briefing of this motion would place discovery beyond the discovery deadline of September 30, 2006.   The Court recognizes this fact by holding the discovery deadline in abeyance pending resolution of this motion.   Extending the discovery deadline implicates the dispositive motion deadline (last set for November 20, 2006, see Docket No. 96), as was later held in abeyance by this Court (Docket No. 125).   As previously stated

---

[4]To prove the point of the respective economic power of the parties involved, defendant Town reproduced as an exhibit plaintiff's entire 10-K filing (Docket No. 105, Def. Atty. Aff. Ex. B), far afield from the question of whether defendant should be compelled to answer some discovery from its apparently richer opponent.

17

(Docket No. 76, Order at 16-17), modification of a Scheduling Order is done only upon a showing of good cause.  Fed. R. Civ. P. 16(b); see 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31 (Civil 2d ed. 1990).  "In the absence of some showing of why an extension is warranted, the scheduling order shall control." Id. at 231.  This Court has broad discretion in preserving the integrity of its Scheduling Orders, see Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996), including the discretion to extend its deadlines when good cause is shown.

This Court enters a further Amended Scheduling Order below, but still notes the age of this 2001 case (despite its extensive procedural history, including one trip to the Second Circuit). The question at issue in this case is primarily a legal one (whether the Town's amended ordinance meets the First Amendment standards) and the parties' discovery in it should thus be limited and (by now) completed.  Time will be provided to complete outstanding discovery and to allow for dispositive motions at the earliest moment.

As a result, discovery shall conclude by **November 27, 2006**; dispositive motions shall be filed on or before **January 22, 2007**.

### CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 97) is **denied in part** (all other relief sought)**, granted in part** (defendant to produce the May 8, 2002, letter formerly listed in its privilege log); sanctions will **not be ordered**.  As for the schedule for the balance of this action, discovery shall conclude by **November 27, 2006**, dispositive motions shall be filed by **January 22, 2007**.

So Ordered.

18

/s/ Hugh B. Scott
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        November 14, 2006