UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAMAR ADVERTISING OF PENN, LLC,

                    Plaintiff,        **DECISION AND ORDER**

v.

                                            01-CV-556A(M)

THE TOWN OF ORCHARD PARK, NEW YORK,

                    Defendant.
_____

        This action was referred to me by Hon. Richard J. Arcara pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for, *inter alia*, "hearing and disposition of all non-dispositive motions". (Dkt. #177).

        By motion dated March 27, 2007 (Dkt. #180), plaintiff Lamar Advertising of Penn, LLC ("Lamar") seeks: 1) to strike the January 26, 2007 affidavit of its former employee Terry A. Combs (Dkt. #145, Appendix No. 14; #181, Ex. A), which was submitted by defendant Town of Orchard Park on January 29, 2007 in support of its motion for summary judgment (Dkt. #136); 2) to adjourn the briefing schedule of the Town's motion for summary judgment until 30 days after the Court issues a decision on its motion to strike, or in the alternative granting it leave to submit a 70 page responding brief; and 3) to prohibit the Town from contacting or communicating with Ms. Combs outside the presence of Lamar's counsel. For the reasons set forth below, Lamar's motion is DENIED.

        Lamar claims that the Combs Affidavit was improperly obtained by the Town's counsel, Thomas Knab, Esq., in violation of Lamar's attorney-client and work product privileges (Dkt. ##181, 184). Ms. Combs was employed by Lamar from June 1998 until September 2001

(Dkt. #183, ¶¶1-2 ).[1]  Her name was disclosed by Lamar in its interrogatory responses (Dkt. #181, ¶5), but she was not deposed.  In December 2006 Ms. Combs was contacted by Mr. Knab (Dkt. #183, ¶12), who prepared the Combs Affidavit (Dkt. #136).

Lamar knew of the alleged improprieties in the Combs Affidavit no later than January 29, 2007, when the Town's motion was filed, yet failed to seek a protective order until March 27, 2007.  In fact, by letter dated February 15, 2007 (annexed hereto), Lamar's counsel requested an extension of the briefing schedule for the Town's summary judgment motion, making no mention of alleged improprieties in the Combs Affidavit.  Lamar's arguments concerning privilege are severely undercut by its delay in seeking relief rom this Court.  See Wheeler v. Olympia Sports Center, Inc., No. 03-265, 2004 WL 2287759, *2 (D.Me. 2004) ("[C]ounsel did not pursue this issue or bring the possible discovery violation to the attention of the court until two months later . . . and then only in the form of a motion to strike.  This unexplained delay weakens the plaintiff's position."); Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1160 (D.S.C. 1975) ("[T]he privilege must be claimed . . . when the document is presented to the court . . . .  If the privilege is not claimed at that time, it will be considered waived by implication.").

Moreover, Lamar has not demonstrated that Ms. Combs divulged any information protected by the attorney-client or work product privileges.  "To invoke the attorney-client privilege, a party must demonstrate that there was (1) a communication between client and

---

[1] Although Ms. Combs' Affidavit indicated that she was an employee of "Lamar Advertising Company" (Dkt. #181, Ex. A, ¶2), her March 20, 2007 affidavit in support of Lamar's motion indicated that she was a former employee of "Lamar Advertising of Penn, LLC" (Dkt. #183, ¶1). To clarify this inconsistency, Lamar has submitted plaintiff's 1998-2001 W-2 Wage and Tax Statements, which indicate that Ms. Combs was employed by "Lamar Advertising of Penn, LLC," and its predecessor, Lamar Advertising of Penn, Inc. (Dkt. #190, Ex. A).

counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." Scholtisek v. Eldre Corp., 441 F. Supp 2d 459, 461-462 (W.D.N.Y. 2006) (Larimer, J.) (citing United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996), cert. denied, 519 U.S. 927 (1996). The party invoking attorney-client privilege bears the burden of establishing "all of its elements" United States v. Int'l. Bhd. of Teamsters, 119 F.3d 210, 214 (2d Cir. 1997). " 'The burden is a heavy one, because privileges are neither lightly created nor expansively construed.' " Scholtisek, supra, 441 F. Supp 2d at 462 (quoting In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379, 384 (2d Cir. 2003)).

"The work product doctrine protects an 'attorney's mental impressions, opinions or legal theories concerning specific litigation' from disclosure." Horn & Hardart Co. v. Pillsbury Co., 888 F.2d 8, 12 (2d Cir. 1989) (quoting Grumman Aerospace Corp. v. Titanium Metals Corp. of Am., 91 F.R.D. 84, 88 (E.D.N.Y. 1981)). The burden of establishing that the work product doctrine applies rests with the party asserting the protection. See NXIVM Corp. v. O'Hara, No. 05 CV1546, 2007 WL 632708, at *15 (N.D.N.Y. February 9, 2007). "The work product doctrine, as well as the attorney-client privilege, 'does not extend to every document generated by the attorney; it does not shield from disclosure everything a lawyer does.' ") Id. (quoting Rattner v. Netburn, No. 88 CV 2080, 1989 WL 223059, at *6 (S.D.N.Y. June 20, 1989)).

Even if Ms. Combs was privy to an attorney-client communication or attorney work product, Lamar has not met its burden of establishing that her affidavit disclosed confidential information. She states merely that in early 2001 she was requested by her bosses at

3

Lamar to secure leases for billboards and posters and was told that these leases would be turned over to Lamar's counsel to support applications to the Town for permits to erect billboards (Dkt. #181, Ex. A, ¶4). She also states that it was Lamar's intent to commence an action challenging the Town's zoning ordinance when its applications were denied (Id. at ¶¶5-6). At the time Mr. Knab interviewed Ms. Combs, this information was not confidential: Lamar had long since filed applications supported by the leases obtained by Ms. Combs, and had commenced suit based on the Town's denial of these applications. Any "strategy" in filing the building applications to have standing to contest the Town's zoning ordinance would be self-evident, and cannot be deemed confidential.

Ms. Combs further stated that she "was not involved in any discussion of a three-phase plan for the Town of Orchard Park which would include the building of any 72 square foot 'eight sheets' or 'junior posters'. . . and no one from Lamar or Lamar Advertising Company ever said anything to [her] about any such three-phase plan for the Town of Orchard Park" (Dkt. #181, Ex. A, ¶7). If there were discussions between Lamar and its counsel regarding a plan to erect "eight sheets," Ms. Combs' statement establishes that she was not privy to them. Therefore, Lamar has failed to submit any evidence that attorney-client privileged material or attorney work product was divulged to Mr. Knab.[2]

Similarly meritless is Lamar's request that the Combs Affidavit be stricken because of overreaching by Mr. Knab (Dkt. #181, ¶28). Lamar has cited no authority prohibiting Mr. Knab from contacting Ms. Combs. The extensive revisions which Ms. Combs made to the draft affidavit prepared by Mr. Knab (Dkt. #185, Exs. A and B) demonstrate that the

---

[2] Notably, Ms. Combs Affidavit submitted in support of Lamar's motion (Dkt. #183, ¶¶7-11) fails to allege that any additional information was imparted to Mr. Knab.

information which she conveyed to Mr. Knab was freely and voluntarily provided, irrespective of any confidentiality agreement plaintiff signed with her former employer. The Stipulated Protective Order executed by the parties (Dkt. #130) also did not prohibit such contact. For these reasons, Lamar's motion is also denied insofar as it seeks to preclude the Town's counsel from contacting Ms. Combs outside the presence of Lamar's counsel.

I deny the remaining relief requested by Lamar as moot, insofar as the deadline for Lamar's response to the Town's motion has already been extended to April 11, 2007 (Dkt. #188).

SO ORDERED.

Dated: Buffalo, New York
April 9, 2007

/s/   Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge